UNITED STATES DISTRICT COURT                    01 Civ. 7620 (WHP)(MHD)
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
Seneca Ins. Co.,

    Plaintiff

       v.

                            **Affidavit of Jeffrey N. Drummond in Support of Plaintiff's Motions in Limine.**

Brent Wilcock and Secure Southwest
Brokerage, Ltd.,

    Defendants
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


1. I am counsel to the plaintiff in this action, and submit this affirmation in support of Seneca's Motions in Limine.  This Affirmation summarizes certain key facts that demonstrate that defendants improperly destroyed quantities of relevant documents;  the facts are set out in more detail in the accompanying Memorandum in Support of Plaintiff's Motion for Sanctions.

2. I attach the following Exhibits to this Affirmation:

Ex. A.    Correspondence, etc., reflecting defendants' constant failures to abide by discovery rules and obligations.
Ex. B.    Plaintiff's April 19, 1999 Notice of Arbitration and subsequent related papers.
Ex. C.    The Curriculum Vitae of defendants' expert witness Ira Shapiro.
Ex. D.    Certain Bates-stamped numbered documents.
Ex. E.    Hassett letter dated February 29, 2000 to Wilcock, covering the return of Wilcock's file boxes.


**KEY FACTS DEMONSTRATING THAT
DEFENDANTS KNEW NOT TO DESTROY DOCUMENTS.**

**A.  Defendants Knew not to Destroy Documents.**

3. The important procedural history of plaintiff's attempts to arbitrate, including lawsuits in New York state courts, demonstrates that plaintiff sought arbitration of

      this action continuously from April 19, 1999, through its final dismissal on May 16, 2002.  During all that time defendants themselves knew of the pending actions.

4. Defendants admit to destroying quantities of documents in February 2000, while the state court proceedings in New York were pending.

5. Defendants flatly admit that they knew about the arbitration and state court proceedings right from the April 1999 filing, and about their obligations to preserve documents.  Wilcock 6 Pg: 359 Ln: 24 – Pg: 360 Ln: 18.

6. In addition, defendants' very own Errors & Omissions insurer, Employers Reinsurance Co., hired counsel to handle some discussions with Seneca;  and its own claims personnel personally discussed the matters with Seneca officers (Exs. 41, 42, 46).

## B. The History of Seneca's Pursuing its Claim in New York State Court and Arbitration Proceedings.

7. Plaintiff served a Notice of Arbitration upon defendants on April 19, 1999.

8. Defendants repeatedly attempted to avoid service of the April 1999 Notice of Arbitration, including defendants' counsel's bad-faith pretense of negotiating service.  In addition to the April 1999 Notice of Arbitration, plaintiff on June 18, 1999, filed a special proceeding in New York State Supreme Court to compel arbitration.  Ex. B attached hereto.

9. While that special proceeding was pending, plaintiff again attempted service by proper means, and engaged in negotiations for service with defendants' counsel, who again acted in bad faith by pretending to negotiate seriously.

10. Tiring of the charade, and without withdrawing the June 1999 proceeding in state Supreme Court, plaintiff filed another petition to compel arbitration against defendants in New York Supreme Court on October 19, 2000.

11. That Court dismissed that petition on April 3, 2001.

12. I am informed and believe that plaintiff appealed that decision on April 17, 2001.

13. While the appeal was pending, plaintiff engaged new counsel to file this present action in this Honorable Court, filed on August 12, 2001.

14. I am informed and believe that the New York courts affirmed the Supreme Court decision, dismissing plaintiff's petition to compel arbitration, on May 16, 2002.

**C. Employers Reinsurance Co., and Defendants' Counsel,
   Bear Full Responsibility for the Document Destruction.**

15. As demonstrated in plaintiff's Memorandum in support of its Motion for Sanctions, Employers Reinsurance Co.'s ("ERC") two counsel defending Wilcock, Myles Hassett in Arizona and Babchik & Young in this action, failed to ensure that all papers for discovery were preserved and produced.

16. Most at fault, though, is ERC itself, as shown in plaintiff's Memorandum: ERC, which defends individual insurance agents in cases around the country, has much to gain from not ensuring that evidence is preserved.

17. Defendant Wilcock himself is grossly negligent for having destroyed documents; still, the real fault lies with the sophisticated litigant ERC, and with the two counsel that ERC hired, as demonstrated in the accompanying Memorandum in Support of Plaintiff's Motion for Sanctions.

Affirmed under the penalty of perjury.

                                                            _____/s/_____.
                                                          Jeffrey N. Drummond

Date: _____